## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kelly Thomas, | Civ. No. 18-3491 (JRT/BRT) |
| Plaintiff, | |
| v. | |
| Federated Mutual, | **REPORT AND** |
| and Standard Casualty Co., | **RECOMMENDATION** |
| Defendants. | |

---

The above-captioned case comes before the undersigned on Defendant Standard Casualty Co.'s ("Standard") Motion to Dismiss (Doc. No. 23) and Federated Mutual's ("Federated") Motion to Dismiss (Doc. No. 37). This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. (Doc. Nos. 26, 42.) For the reasons stated below, this Court recommends granting Defendants' motions.

### I.    Background

Plaintiff Kelly Thomas ("Thomas") alleges that her home—which is located in Texas—suffered damage due to defective workmanship by plumbing contractors, storms, and the actions of Defendants Standard and Federated. (*See* Doc. No. 16, Am. Pet.) Specifically, Thomas claims that during a storm in April 2015—later declared a "disaster"—her home was damaged by high winds. (*Id.* ¶¶ 15, 17.) Thomas also claims that a plumbing company that worked on her home on three separate occasions used "unlicensed, unsupervised" workers whose work was "defective." (*Id.* ¶¶ 6–7.) Thomas

maintains that the plumbers' defective work led to, among other things, a floor collapse and problems with her sewer line. (*Id.* ¶¶ 17–18.)

Standard was Thomas's homeowner's insurer. (*Id.* ¶ 8.) Thomas alleges that Standard inspected her home following the storm damage it sustained, but that Standard used the defective work of the plumbers as an excuse to improperly deny payment. (*Id.* ¶¶ 9, 11, 17.) Thomas also claims that Standard's engineer and adjusters "vandalized [her] home by breaking roofing seals." (*Id.* ¶ 11.) Thomas states that one of Standard's representatives behaved aggressively on the phone, scaring her, and demanded that Thomas take actions that would "leav[e] the home wide open to . . . [the] elements." (*Id.*) Standard agrees that, at a minimum, it denied Thomas's claim on April 23, 2015. (Doc. No. 34, Ryan Decl. ¶ 7.)

Federated is a third-party insurer. Thomas maintains that Federated insured the plumbing contractors whose allegedly defective work resulted in damage to her home. (Am. Pet. ¶ 6.) Thomas alleges that Federated "fraudulently concealed [the plumbers'] errors" and made "material misrepresentations to the governing authorities." (*Id.*) According to Thomas, "Federated never made an inspection" of the damage to her home. (*Id.* ¶ 7.)

Thomas initiated this lawsuit on December 28, 2018 (Doc. No. 1), and filed an Amended Complaint on March 5, 2019 (Doc. No. 16). Standard filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on April 8, 2019, and Federated did likewise on April 15, 2019. (Doc. Nos. 23, 27.) Thomas filed responses to those motions on April 9, 2019 (Doc. No. 25), June 28, 2019 (Doc. No. 62), and July 8, 2019 (Doc. No.

87). Standard and Federated filed their reply briefs on July 26, 2019. (Doc. Nos. 98, 99.)
The Court heard oral argument on Defendants' motions to dismiss on August 16, 2019.
(*See* Doc. No. 108, Hr'g Min.)

## II.    Discussion

Standard argues that this matter should be dismissed pursuant to Fed. R. Civ. P.
12(b)(6) for four reasons: (1) the Court does not have subject-matter jurisdiction over this
lawsuit because complete diversity is lacking; (2) the Court has no personal jurisdiction
over Standard; (3) venue is improper; and (4) Thomas has failed to state a claim. (*See*
Doc. No. 32, Standard's Mem. in Supp. of Mot. to Dismiss.) Federated initially argued
only that this matter should be dismissed for failure to state a claim (*see* Doc. No. 39,
Federated's Mem. in Supp. of Mot. to Dismiss), but later joined Standard's argument as
to subject-matter jurisdiction as well. (Doc. No. 98, Federated's Reply Mem. in Supp. of
Mot. to Dismiss 2–4.)

In her various responses, Thomas consistently maintains that subject-matter
jurisdiction and personal jurisdiction are proper in this matter. (*See* Doc. Nos. 25, 44, 62,
87.) She also argues that Defendants' failure to file answers to her Complaint should
result in "default." (Doc. No. 87, Supp. Resp. 2.)

3

For the reasons that follow, this Court concludes that the parties in this matter are not diverse and recommends that this matter be dismissed without prejudice for lack of subject-matter jurisdiction.[1]

## A. Legal Standard

As courts of limited jurisdiction, federal district courts have an independent duty to assure themselves of their jurisdiction and to dismiss any action over which federal jurisdiction is lacking. *See, e.g.*, *Robins v. Ritchie*, 631 F.3d 919, 924 (8th Cir. 2011). "[I]t is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

A civil complaint may be filed in federal district court if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).[2] "Subject matter jurisdiction asserted under 28 U.S.C. § 1332 may be maintained only where there is complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotation marks

---

[1]    Because this Court concludes that it lacks subject-matter jurisdiction in this matter, it is therefore unnecessary to address Standard and Federated's additional arguments in favor of dismissal, nor will it address Thomas's argument regarding "default."

[2]    The Court notes that in one of Thomas's filings (Doc. No. 62), she appears to suggest that the present litigation could be criminal based on the case captions on two filings by Chief Judge John R. Tunheim. (*Id.* at 10 (citing Doc. Nos. 26, 42).) Upon review of those documents, however, the Court concludes that the captions in question contain typographical errors. The present litigation remains civil in nature.

omitted). The citizenship of parties is determined as of the date a case is filed. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

"A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013). When—as here—a complaint is challenged on its face, "all of the factual allegations concerning jurisdiction are presumed to be true." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). A plaintiff must establish jurisdiction "by competent proof and by a preponderance of the evidence." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017).

### B. Analysis

In her Amended Complaint, Thomas alleges that the basis of the Court's jurisdiction over this matter is diversity, pursuant to 28 U.S.C. § 1332(a)(1). (Am. Pet. ¶ 2). That statute states that federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1).

"Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely." *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768–69 (8th Cir. 2005). In assessing a party's citizenship, courts rely on objective factors such as "declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Eckerberg*, 860 F.3d at 1085 (internal quotation marks omitted).

It is well established that diversity jurisdiction demands complete diversity among the parties to a case. *Jet Midwest Int'l Co., Ltd. v. Jet Midwest Group, LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019) (citing *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). "Complete diversity 'exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* (quoting *OnePoint*, 486 F.3d at 346). A corporation is considered both a citizen of its state of incorporation and a citizen of the state in which its principal place of business is located. *Id.* (citing 28 U.S.C. § 1332(c)(1)).

Here, the record reflects that Thomas was a resident of Denton County, Texas on December 28, 2018 – the date on which she filed her initial Complaint in this matter. (Am. Pet. ¶ 3.) Thomas used a Texas mailing address when filing her Complaint, and in the case caption of that document, listed herself as "KELLY THOMAS, Tx." [3] (Pet. 1, 11.) Based on the facts pleaded in her Complaint, Thomas owned property in Texas at the time of filing. (*See* Am. Pet. ¶¶ 6–19 (describing events related to damage done to Thomas's home in Texas).) These factors, plus the fact that Thomas has not once argued otherwise, lead this Court to conclude that Thomas was a citizen of Texas for the purpose of diversity jurisdiction at the time she filed her Complaint in this matter. *Altimore*, 420 F.3d at 768–69; *Eckerberg*, 860 F.3d at 1085.

---

[3]    It appears that Thomas also captioned the Defendants according to what she believed their state citizenship to be: "FEDERATED MUTUAL, Mn" and "STANDARD CASUALTY CO, Az." (Pet. 1.)

According to the sworn Declaration of Gavin Ryan—the President of Standard—at the time this matter was commenced, Standard was incorporated in Texas. (Ryan Decl. ¶ 3.) While Standard wrote insurance policies in Texas, New Mexico, Arizona, and Georgia, its principal place of business was also in Texas. (*Id.* ¶ 4.) Thomas has not produced any evidence to refute this testimony. Thus, this Court concludes that Standard was also a citizen of Texas for the purpose of diversity jurisdiction at the time Thomas filed her Complaint in this matter. *See* 28 U.S.C. § 1332(c)(1). Because the record demonstrates that both Thomas and Standard were citizens of Texas for the purpose of diversity jurisdiction when Thomas filed her Complaint on December 28, 2018, this Court concludes that complete diversity is lacking, and thus that the Court does not have subject matter-jurisdiction over this case.[4] *Jet Midwest*, 932 F.3d at 1104 (citing *OnePoint*, 486 F.3d at 346).

Thomas argues that the parties here should be considered completely diverse because: (1) in a direct action against an insurance company, the insurance company is deemed a citizen of every state of which their insured is a citizen (Doc. No. 25, Resp. to Def. Standard's Mot. to Dismiss 4 (citing 28 U.S.C. § 1332(c)(1).); (2) Standard's principle place of business was not in Texas at the time of loss in 2015 (Doc. No. 44, Pl.'s Resp. to Def.'s Decl. 2.); and (3) Thomas has suffered fraud, abuse, and violations

---

[4]    Because complete diversity requires that no defendant holds citizenship in the same state where any plaintiff holds citizenship, a detailed analysis of Federated's citizenship is unnecessary at this time. Here, the fact that Thomas and Standard are not diverse is dispositive.

of her civil rights during her attempts to seek justice in state court. (*See, e.g.*, Doc. No. 87, Pl.'s Supp. Resp. 18–20.) These arguments are unavailing.

First, even assuming the language Thomas cites from 28 U.S.C. § 1332(c)(1) applies, complete diversity would still be lacking because Standard (the insurer) would be considered to be a citizen of "every State . . . of which the insured is a citizen." 28 U.S.C. § 1332(c)(1)(a). Here, Standard's insured was Thomas—a citizen of Texas—and thus under 28 U.S.C. § 1332(c)(1)(a), *both* Thomas and Standard are considered citizens of Texas and complete diversity is still lacking. Second, Standard's citizenship in 2015 is not relevant because when determining whether parties are diverse, their citizenship is determined as of the date a case is filed. *OnePoint Sols.*, 486 F.3d at 346. Thomas has produced no evidence to contradict Gavin Ryan's sworn testimony that Standard was a citizen of Texas at the time this matter was commenced on December 28, 2018. (*See* Ryan Decl. ¶ 3.) Finally, Thomas's dissatisfaction with her experience in or treatment by other courts, by itself, does not grant this Court subject-matter jurisdiction over the present litigation.

For the foregoing reasons, this Court recommends that Defendants' motions to dismiss (Doc. Nos. 23, 37) be granted because the Court lacks subject-matter jurisdiction in this matter.[5]

---

[5]    Also pending before the Court are a number of non-dispositive motions filed by Thomas. (Doc. No. 72, Mot. to Transfer; Doc. No. 89, Mot. for Extension of Time; Doc. No. 91, Second Mot. to Appoint Counsel; Doc. No. 102, Mot. for Extension of Time; Doc. No. 104, Mot. for Leave to File Mot. for ADR and Objs.; Doc. No. 105, Mot. for Leave to File Mot. for ADR and Objs.) Because this Court concludes the Court lacks

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that:

1.      Defendants' motions to dismiss (Doc. Nos. 23, 37) be **GRANTED**; and

2.      Plaintiff's Amended Complaint (Doc. No. 16) be **DISMISSED**

**WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

3.      Plaintiff's remaining motions (Doc. Nos. 72, 89, 91, 102, 104, 105) be

**DENIED WITHOUT PREJUDICE**.


Date: September 23, 2019                    *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen (14) days**. A party may respond to those objections within **fourteen (14) days** after service thereof. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

subject-matter jurisdiction over this matter, it recommends that these motions be denied without prejudice.