# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| KELLY THOMAS, | |
| Plaintiff, | Civil No. 18-3491 (JRT/BRT) |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, AND DISMISSING FOR LACK OF SUBJECT-MATTER JURISDICTION** |
| FEDERATED MUTUAL, and STANDARD CASUALTY CO., | |
| Defendants. | |

Kelly Thomas, 27950 South High 125 Unit 38-1, Afton, Oklahoma 74331 (*pro se* Petitioner).

Mark R. Bradford, Andrea E. Reisbord, and Janine M. Loetscher, **BASSFORD REMELE**, 100 South Fifth Street, Suite 1500, Minneapolis, Minnesota 55402, for defendant Federated Mutual.

Barry A. O'Neil and Michelle K. Kuhl, **LOMMEN ABDO, P.A.**, 1000 International Centre, 920 Second Avenue South, Minneapolis, Minnesota 55402, for defendant Standard Casualty Co.

Plaintiff Kelly Thomas filed this case against Defendants Federated Mutual ("Federated") and Standard Casualty Co. ("Standard") alleging damages relating to an insurance matter. Both Defendants responded with Motions to Dismiss, arguing, *inter alia*, that the Court lacks subject-matter jurisdiction. Magistrate Judge Becky R. Thorson granted both Motions in a Report and Recommendation ("R&R"). Thomas filed Objections to the R&R. The Court will overrule the Objections, adopt the R&R in part, and

grant Defendants' Motions to Dismiss. The Court lacks subject-matter jurisdiction to hear this dispute.

## BACKGROUND

Thomas filed her Complaint against Federated and Standard on December 28, 2018. (Compl., Docket No. 1.) Thomas filed an Amended Complaint in on January 2, 2019.[1] (Am. Compl., Mar. 5, 2019, Docket No. 16.) Thomas takes issue with certain denied insurance claims for damage to her Texas home stemming from unsatisfactory plumbing work and a storm. (*Id.* at 2–6.) Thomas alleges that Defendants: (1) breached a legal duty by failing to inspect or improperly inspecting her home; (2) engaged in unfair insurance practices; (3) breached the duty of good faith and fair dealing; (4) breached a contract by denying liability and failing to pay her insurance claims; and (5) committed fraudulent acts by "attempting to conceal[] their own unlawful actions" in order to deprive the plaintiff of "her property or legal rights." (*Id.* at 6–9.)

Both Defendants filed Motions to Dismiss. (Standard's Mot. To Dismiss, April 8, 2019, Docket No. 23; Federated's Mot. To Dismiss, April 15, 2019, Docket No. 37.) Defendants argued that the Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b) because (1) the Court lacked subject-matter jurisdiction; (2) the Court lacked

---

[1] Thomas initially filed the Amended Complaint as a new matter and received a new case number, 19-cv-00007, but the Amended Complaint was later reassigned to and refiled in this case.

2

personal jurisdiction over Standard; (3) the venue was improper; and (4) Thomas failed to state a claim upon which relief can be granted.

On August 16, 2019, the Magistrate Judge held a hearing on Defendants' Motions to Dismiss and various motions made by Thomas. (Hr'g Min., Docket No. 108.) The Magistrate Judge issued an R&R on these Motions, concluding that both Thomas and Standard were citizens of Texas at the time that the original Complaint was filed on December 28, 2018, which meant the case lacked complete diversity and the Court did not have subject-matter jurisdiction. (R&R at 7, Sept. 23, 2019, Docket No. 114.) The Magistrate Judge recommended that Defendants' Motions to Dismiss be granted, that Thomas' Amended Complaint be dismissed without prejudice, and that Thomas' remaining motions be denied without prejudice. (*Id.* at 9.) Thomas filed her Objections to the R&R on October 9, 2019.[2] (Pl.'s Obj. to R&R, Docket No. 120.) In her Objections, Thomas argued, *inter alia*, that there is subject-matter jurisdiction because the case is based on a federal question. (*Id.* at 3–4, 9–11, 13–15.) Thomas also filed a Motion to Recuse/Remove the Magistrate Judge and a Motion for Relief under Fed. R. Civ. P. 60(a) and (d). (Mot. to Remove/Recuse, Oct. 1, 2019, Docket No. 115; Mot. to Amend/Correct Ord., Oct. 13, 2019, Docket No. 124.) Standard responded to Thomas' Objections, noting

---

[2] The Plaintiff filed two nearly identical documents containing her Objections to the R&R in Docket Nos. 119 and 120. (Pl.'s Obj. to R&R, Oct. 9, 2019.) The only difference between them is that the latter contains an extra attachment titled "Declaration of Technical Difficulties." When considering Thomas' Objections, the Court will refer to Docket No. 120.

that the Court need not consider them because they were filed after the 14-day deadline imposed by Local Rule 72.2 and, in the alternative, asking the Court to overrule the Objections and adopt the R&R. (Response to Obj., Oct. 21, 2019, Docket No. 126.) Thomas replied to Standard's response, reiterating her previous objections and erroneously alleging that Standard's response was also time barred. (Reply to Response to Mot., Oct 23, 2019, Docket No. 127).

Because both the Plaintiff and Defendant Standard are citizens of Texas, there is no diversity and the Court therefore lacks subject-matter jurisdiction over this case. Accordingly, the Court will overrule Thomas' Objections, adopt the R&R in part, and deny Thomas' remaining motions.

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing by a magistrate judge of an R&R relating to a dispositive motion, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). The deadline for filing those objections is 14 days after being served a copy of the magistrate judge's order. D. Minn. LR 72.2(b)(1). Even if a party untimely files objections, "the deadline for filing objections is not jurisdictional" and does "not restrict[] the Court's ability to

consider untimely objections."[3]  *Prewitt v. Reiser*, Civ. No. 13-2866 (JRT/LIB), 2014 WL 5325356, at *5 n.3 (D. Minn. Oct. 20, 2014) (internal quotation omitted).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  To be proper, the objections must specifically identify the portions of the R&R to which the party objects and explain the basis for the objections.  *Turner v. Minnesota*, Civ. No. 16-3962 (JRT/FLN), 2017 WL 5513629, at *1 (D. Minn. Nov. 17, 2015).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

## II.     THOMAS'S OBJECTIONS AND MOTIONS

### A.  Subject Matter Jurisdiction

Thomas' Objections and her subsequent motions stem primarily from her dissatisfaction with the Magistrate Judge's conclusion that there is no subject-matter jurisdiction.  Thomas argues both that there is federal-question jurisdiction alleged in her

---

[3] Although the Court acknowledges that Thomas' Objections were untimely filed, the filing deadlines do "not restrict[] the Court's ability to consider untimely objections."  *Prewitt*, 2014 WL 5325356, at *5 n.3.  Additionally, "a document filed *pro se* is 'to be liberally construed.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Because Thomas is *pro se*, the Court will consider the substance of her Objections despite their untimeliness.

5

Amended Complaint and that the Magistrate Judge's factual findings regarding diversity of citizenship are flawed.

### 1. Federal-Question Jurisdiction

Thomas argues that there is no need for diversity jurisdiction in this case because there is federal-question jurisdiction, based on federal statutes that she cites in her Amended Complaint. To create federal-question jurisdiction, "a federal question [must be] presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, the "court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. . . . If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted). Although Thomas' Amended Complaint cites several federal statutes, it does not articulate how her claims are related to those statutes, and a mere recitation of the United States Code cannot give rise to a federal question. Furthermore, the federal statutes that Thomas argues create federal-question jurisdiction—15 U.S.C. § 41, 12 U.S.C. § 5481, and 42 U.S.C. § 1983—either do not include a private right of action or are otherwise inapplicable to the facts pleaded in this case. Therefore, her claims are not based on a federal question, and this Court does not have subject-matter jurisdiction on that ground.

### 2. Diversity Jurisdiction

Thomas objects to the Magistrate Judge's finding that she and Standard are citizens of Texas. She argues that she was not the actual owner of the Texas home in question, and she again asserts that Standard's principle place of business is in Arizona. Thomas' objections suggest therefore that neither party should be considered citizens of Texas for the purposes of diversity jurisdiction.

Diversity jurisdiction requires that an action be between citizens of different states, 28 U.S.C. § 1332(a)(1), and "diversity of citizenship is to be determined not as of the time the cause of action arises but as of the time suit is instituted." *Janzen v. Goos*, 302 F.2d 421, 424 (8th Cir. 1962).[4] For individuals, "the law requires the physical presence of a person at the place of the [domicile] claimed, coupled with the intention of making it his present home." *Janzen*, 302 F.2d at 425 (citations omitted). Whether or not Thomas owned the home in question in this case, her Amended Complaint makes clear that she undoubtedly lived in it and maintained it as her primary place of residence. Indeed, she asserted her Texas residency explicitly. Establishing a domicile for diversity jurisdiction

---

[4] The Magistrate Judge concluded in the R&R that the operative date was December 28, 2018—the day the original Complaint was filed. (R&R at 7.) This was an error. The date used to assess diversity jurisdiction should instead be January 2, 2019—when Thomas filed her Amended Complaint. *Rockwell Int'l. Corp. v. United States*, 549 U.S. 457, 473–74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."). This error does not, however, affect the analysis; Thomas asserts her Texas citizenship in the Amended Complaint. (Am. Compl. ¶ 3.) The Court will decline to adopt those portions of the R&R that refer to the incorrect date.

does not require ownership of the residence, so it is irrelevant whether, as Thomas claims, a 501(c)(3) organization owned the house in which Thomas lived and made her present home. Therefore, Thomas was, for the purposes of diversity jurisdiction, a citizen of Texas at the time the Amended Complaint was filed.

Thomas also argues that Standard is not a citizen of Texas for diversity purposes. Corporations, for the purposes of diversity jurisdiction, are citizens of the state in which they are incorporated and the state in which its principle place of business is located. *E.g.*, *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). It is possible, therefore, for a corporate entity to be a citizen of more than one state. *Id.* Although Thomas continues to assert that Standard's principle place of business is not in Texas, nothing in the record contradicts Standards' Declaration that Texas is both its state of incorporation and the location of its principle place of business. Standard is therefore a citizen of Texas for the purposes of assessing diversity jurisdiction.

Because diversity jurisdiction requires complete diversity among litigants, *Jet Midwest International Co., Ltd. v. Jet Midwest Group, LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019), Federated's citizenship is irrelevant. Diversity jurisdiction is lacking when there is no diversity between even one plaintiff and one defendant, so there is no diversity jurisdiction in this case.

**B. Timing of Filings**

Thomas states that what she calls "Standard's Objections" should be "time barred because the expiration of time to Object has run." This misapprehends the local rules, which state that parties have 14 days to object to the Magistrate Judge's recommendations and then other parties may "may respond to [that] party's objections within 14 days." D. Minn. LR 72.2(b)(1)–(2). After the R&R was filed on September 23, 2019, Thomas filed her Objections on October 9, 2019, exceeding the 14-day window. Standard **responded** to Thomas' Objections, rather than filing its own, on October 21, 2019. Because 14 days had not yet passed between the filing of Thomas' Objections and Standard's response, Standard's response was timely.

**C. Motion to Remove**

Thomas also argues that the Magistrate Judge should be removed based on various alleged errors and misstatements throughout the R&R. In order to warrant removal of a judicial officer, the plaintiff bears the burden of demonstrating that there was "personal bias or prejudice arising from an extrajudicial source." *Rossback v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989). An unfavorable ruling alone "is insufficient to require disqualification absent a showing of 'pervasive personal bias and prejudice.'" *Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992) (quoting *Davis v. Comm'r of Internal Revenue*, 734 F.2d 1302, 1303 (8th Cir. 1984)). The errors that Thomas alleges exist in the R&R are based on her disagreements with its determinations, as well as a

misunderstanding of the Court's electronic filing system.[5]  These disagreements do not imply that the Magistrate Judge was biased or prejudiced against Thomas in any way. Thomas has failed to meet the heavy burden of showing bias or prejudice, and there is no basis for removing the Magistrate Judge.

### D. Rule 60 Motion

Thomas seeks further relief under Fed. R. Civ. P. 60.  She claims that there were clerical errors affecting the accuracy of the R&R and that these clerical errors constitute fraud, which should entitle her to relief from the R&R under Rules 60(a) and 60(d)(1), (3).

Rule 60 allows a party to obtain relief from a final judgment and is not a substitute for appeal.  *See* Charles A. Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2851.  Despite Thomas' motion, Rule 60 is not an appropriate avenue for relief because the R&R is a recommendation to the Court and not a final judgment or order.  Even if the Court considers Thomas' motion as further objections to the R&R, the alleged issues merely repeat the substance of Thomas' Objections.  Particularly under Rule 60(a), Thomas asserts that, in her Objections, she has identified several errors in the R&R that can and should be corrected under this Rule.  However, these alleged errors arise from Thomas' misunderstanding of the Court's electronic filing system, disagreements with the

---

[5] Thomas continually asserts that the present litigation should be a criminal action, based on the case captions in Docket Nos. 26 and 42, which title the case as criminal.  (Obj. to R&R at 10–11, 15; Reply to Response to Mot. at 4–6, 13.)  As the Magistrate Judge correctly noted in the R&R, these case captions were the result of typographical errors. Thomas cannot initiate a criminal action and this litigation has always been a civil matter.

Magistrate Judge's explanation of the facts, or harmless typographical errors.[6] Because Rule 60 only applies to final orders or judgments, it is not a valid avenue for relief from an R&R.

**CONCLUSION**

The Court has no authority to hear this case without the appropriate subject-matter jurisdiction. The Court will therefore overrule Thomas's Objections, adopt the Magistrate Judge's Report and Recommendation, and deny Thomas' remaining motions.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's **Report and Recommendation** [Docket No. 120] are **OVERRULED**;

2. Plaintiff's Motion to Reconsider Objections [Docket No. 123] is **DENIED**;

3. The Magistrate Judge's **Report and Recommendation** [Docket No. 114] is **ADOPTED IN PART,** correcting an erroneous date;

4. Plaintiff's Motion to Remove/Recuse [Docket No. 115] is **DENIED**;

---

[6] For example, Thomas argues that the R&R only addresses Standard's 12(b)(6) argument and ignored the other three 12(b) arguments that Standard asserted, but she misunderstands a minor typographical error in the R&R. The R&R states that "Standard argues that this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for four reasons," when this sentence should reference Fed. R. Civ. P. 12(b). This typographical error does not affect the substance of the R&R.

5. Plaintiff's Motion for Hearing on the Motion to Remove/Recuse [Docket No. 116] is **DENIED**;

6. Plaintiff's Motion for relief under Fed. R. Civ. P. 60 [Docket No. 124] is **DENIED**;

7. Defendant Standard Casualty Co.'s Motion to Dismiss [Docket No. 23] is **GRANTED** and Defendant Federated Mutual's Motion to Dismiss [Docket No. 37] is **DENIED AS MOOT**;

8. Plaintiff's Amended Complaint [Docket No. 16] is **DISMISSED WITHOUT PREJUDICE**;

9. Plaintiff's Motion to Transfer [Docket No. 72] is **DENIED AS MOOT**;

10. Plaintiff's Motion for Supplemental Response [Docket No. 89] is **DENIED AS MOOT**;

11. Plaintiff's Motion for Appointment of Counsel [Docket No. 91] is **DENIED AS MOOT**;

12. Plaintiff's Motion to Extend Time to Object [Docket No. 102] is **DENIED AS MOOT**;

13. Plaintiff's Motion for Leave to File [Docket Nos. 104 and 105] is **DENIED AS MOOT**;

14. Plaintiff's Motion to Combine [Docket No. 131] is **DENIED AS MOOT**;

15. Plaintiff's Motion for Discovery [Docket No. 135] is **DENIED AS MOOT**; and

16. Plaintiff's Motion for Default Judgment [Docket No. 146] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 4, 2020  
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court